UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-05-1912 |
| | : | |
| LIBERTY TOWNSHIP | : | |
| SUPERVISORS, ET AL., | : | (Judge McClure) |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

October 11, 2005

**Background**

Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an in forma pauperis application. For the reasons set forth below, Wivell's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

A review of the complaint indicates that Plaintiff is seeking relief against the following Defendants: the Liberty Township Supervisors, Adams County; the

Adams County Court of Common Pleas, the Carroll Valley Police Department and the Commonwealth of Pennsylvania. Wivell generally alleges that "I want out of jail I am in jail on lies." Record document no. 1, ¶ V. His complaint challenges the legality of criminal charges presently lodged against him on a variety of grounds, including claims that: (1) police trespassed on private property; (2) the charges are the result of a personal vendetta by Officer Jim Holler; (3) ineffective assistance of counsel; (4) fabricated testimony by police officers; and (5) an improper warrantless search was conducted on his residence. He also contends that the written criminal charges contain various procedural and technical errors. As relief, Wivell requests that "all criminal charges against me be dismissed." Id. at p. 5. He also asks that Officer Holler be suspended and that he be awarded compensatory damages.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). As detailed above, all of the Plaintiff's present

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

allegations are unquestionably attacking the legality of his present incarceration which stems from pending Pennsylvania state criminal charges.  Consequently, under Preiser, Wivell may not challenge the legality of his Adams County prosecution via a § 1983 complaint.

The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Id. at 646.  Pursuant to Georgevich and Edwards, Plaintiff's present claims for injunctive relief, especially his request for dismissal of all criminal charges, are not properly raised in a civil rights complaint.

With respect to Plaintiff's request for compensatory damages, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff

proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Furthermore, based on the nature of Wivell's allegations, a finding in his favor would imply the invalidity and/or comprise the ongoing state criminal prosecution.  See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).

Thus, Wivell's request for compensatory damages is premature under Heck and Gibson because his present cause of action for monetary damages must be deferred until his underlying state criminal prosecution is rendered invalid.  If Plaintiff is able to successfully challenge his Adams County criminal charges, under Heck, he could reassert his claim for damages in a properly filed civil rights complaint.  Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without  prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

5

      2.      The Clerk of Court is directed to close the case.[2]

      3.      Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

      s/ James F. McClure, Jr.
      JAMES F. McCLURE, JR.
      United States District Judge

---

[2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.